UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 5, 2018

LETTER TO COUNSEL

RE: *Lisa Jane Bruggemann v. Commissioner, Social Security Administration*;
Civil No. SAG-17-41

Dear Counsel:

On January 6, 2017, Plaintiff Lisa Jane Bruggemann petitioned this Court to review the Social Security Administration's final decision to deny her claim for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. [ECF Nos. 20, 21, 22]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Bruggemann protectively filed a claim for Supplemental Security Income ("SSI") on October 25, 2013, alleging a disability onset date of June 17, 2012. (Tr. 179-87). Her claim was denied initially and on reconsideration. (Tr. 111-14, 116-17). A hearing was held on July 14, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 27-62). Following the hearing, the ALJ determined that Ms. Bruggemann was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 85-110). The Appeals Council ("AC") denied Ms. Bruggemann's request for further review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Bruggemann suffered from the severe impairments of "degenerative disc disease of the cervical spine with disc herniation; lumbosacral spondylosis and lumbar disc protrusion; migraine headaches; chronic obstructive pulmonary disease ("COPD"); left shoulder tendonitis; and anxiety." (Tr. 90). Despite these impairments, the ALJ determined that Ms. Bruggemann retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; occasional stooping, crouching, kneeling, balancing, and crawling. The claimant must avoid concentrated exposure to extreme heat, extreme cold, and pulmonary irritants[,] such as fumes, odors, dust, gases, and poorly ventilated areas. The claimant is limited to simple, routine tasks.

(Tr. 95). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Bruggemann could perform several jobs existing in the national economy, and therefore was not disabled. (Tr. 103-04).

Ms. Bruggemann raises three arguments on appeal: (1) that the ALJ erred at step three of the sequential evaluation by failing to evaluate whether her impairments met or equaled the criteria set forth in Listing 1.04A; (2) that the ALJ's decision runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2012); and (3) that the ALJ's RFC determination is unsupported by substantial evidence. Pl. Mot. 8-27. I agree that the ALJ's decision does not comport with *Mascio*. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Bruggemann is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Ms. Bruggemann had "moderate" difficulties maintaining concentration, persistence, or pace. (Tr. 94). Specifically, the ALJ found:

> The claimant testified she has issues with memory and concentration; she asked several times at the hearing to be reminded of the question or to break it down into smaller parts. However, her cognitive issues do not leave her debilitated. The claimant stated in her function report that she is able to read books for pleasure, count change and handle a savings and checking account independently. She admitted she can generally follow instructions and can cope with stress. . . . [T]he claimant has GAF scores of 45 issued by her counselor since September 2014, Mr. Bowden, LCPC. However, the only mental status examination performed by Mr. Bowden is inconsistent with those low GAF assessments; her mental status examination shows normal functioning in social and cognitive areas. Considering the evidence of record with the claimant's testimony, and giving the claimant the benefit of the doubt, I find the claimant's limitations in concentration, persistence, and pace are moderate.

*Id.* (internal citations omitted). According to Social Security regulations, the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ must include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The analysis provided by the ALJ in Ms. Bruggemann's case suggests that the finding of "moderate" difficulties was based exclusively on Ms. Bruggemann's reported difficulties in concentration, and possibly her responses to questioning at her hearing, since the remaining analysis would suggest mild or no limitations. Without further explanation, however, I am unable to ascertain whether the ALJ truly believed Ms. Bruggemann had moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict her RFC to "simple, routine tasks." (Tr. 95). Indeed, the ALJ's analysis entirely fails to address Ms. Bruggemann's ability to sustain work over an eight-hour workday. In light of this inadequacy, I recommend that the case be remanded to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Second, Ms. Bruggemann also argues that the ALJ failed to adequately evaluate whether her impairments met or equaled the criteria set forth in Listing 1.04A. Pl. Mot. 8-22. In the instant case, the ALJ found that, "[a]lthough [Ms. Bruggemann's] diagnostic imaging diagnoses cervical degenerative disc disease, there is no evidence of any of the complications specified in the listing." (Tr. 92) (citing Exhibits 1F, 4F, 6F, 10F, 11F, 14F/8-9). Specifically, the ALJ concluded that Ms. Bruggemann failed to provide "evidence of spinal arachnoiditis, lumbar spinal stenosis resulting in pseudoclaudication, nerve root compression, consistent limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness), sensory or reflex loss, or positive straight leg raising tests in both sitting and supine positions." *Id.* In reaching her decision, however, the ALJ cited to medical records that revealed "[*c*]*ervical spine* motions [that] show limited forward flexion of 35 [degrees], extension of 65 [degrees], left rotation is 50 [degrees] and right rotation is 65 [degrees]," (Tr. 277) (emphasis in original); "numbness in both her back, left chest wall and left medial upper arm. . . . [and] enhanced numbness and tingling in the ulnar side of her left hand," *id.*; restricted straight leg raising on both sides, (Tr. 313-14, 316, 319); and "limited neck, [and] trunk ROM, parestheisa [sic] to LUE, [and] decrease[d] functional performance due to degenerative changes to spine," (Tr. 383). The ALJ failed to discuss whether, and to what extent, the cited evidence supported her conclusion that Ms. Bruggemann's impairments did not meet or medically equal the criteria set

forth in Listing 1.04A. Because the case is being remanded on other grounds, the ALJ should, on remand, expand her Listing analysis to cite specific medical evidence pertaining to each Listing the ALJ deems relevant, including Listing 1.04A. In particular, where there is evidence that could be used to support one of the relevant Listing criteria, the ALJ should explain her evaluation of that evidence in connection with her Listing conclusions.

Finally, Ms. Bruggemann argues that the ALJ failed to support her RFC determination with substantial evidence, because: (1) the ALJ discounted her subjective complaints based solely on objective medical evidence; and (2) the ALJ failed to specify "what statements by [Ms. Bruggemann] undercut her subjective evidence of pain intensity as limiting her ability to sustain full-time, competitive employment." Pl. Mot. 25-26. Effective March 28, 2016, Social Security Ruling ("SSR") 16-3P provides that, "[i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, [the ALJ] examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3P, 2016 WL 1119029, at *4 (S.S.A. March 28, 2016). An ALJ, however, cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain. *Id. See also Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). Contrary to Ms. Bruggemann's contention, the ALJ properly evaluated her credibility. The ALJ reasoned that Ms. Bruggemann's subjective complaints of pain were undercut by the objective medical evidence, as well as her own testimony about her daily living activities. *See* (Tr. 100). In reaching her conclusion, the ALJ found that Ms. Bruggemann "has been able to function relatively normally[,]" despite her allegations that she cannot perform any work due to her alleged disabilities. *Id.* The ALJ, for example, noted that Ms. Bruggemann "manages to get to her appointments, drive her children around, shop in stores, take care of [her] personal needs, do light house chores, and prepare meals." *Id.* Remand is therefore not warranted on this basis.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [ECF No. 20] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 21] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge